R. L. EMERY, JR. *v.* C. D. BECK & COMPANY *et al.*

(No. 9317)

Submitted September 8, 1942. Decided October 20, 1942.

*Lee Bushong* and *George M. Beltzhoover, Jr.,* for plaintiff in error.

*Martin, Seibert & Beall,* for defendants in error.

Fox, President:

The plaintiff complains of a judgment of the Circuit Court of Jefferson County, entered on the 20th day of October, 1941, dismissing the action at law pending in his name against the defendants, and which dismissed the attendant process of attachment sued out in said action.

On March 13, 1941, plaintiff instituted his action in assumpsit, and on the same day filed his affidavit for an attachment against the defendants who were then and are now non-residents of this State. An attachment was issued on said affidavit and executed on the 14th day of March, 1941, by levying the same upon a certain motor coach described as one 29-35 Beck Super-Steel Liner Motor Coach, No. 1141, Motor No. 138-55 AAP (International Power) Serial No. 76111, as the property of the defendants, and on the same day designated himself, R. L. Emery, Jr., as being indebted to, or liable to, or having in his possession effects of the defendants. At June Rules, 1941, plaintiff filed his declaration, from which it appears that on the 1st day of May, 1939, he purchased from the defendants the motor coach upon which the attachment was levied, at the price of $8,904.86, of which amount he paid the sum of $3,000.00 in cash, and for the balance executed twenty-four notes, twenty-three for the sum of $246.00 each, and one for $248.46, due and payable consecutively in one to twenty-four months after date with interest, to secure which the plaintiff executed a chattel mortgage, dated the 1st day of May, 1939, by which he conveyed to C. D. Beck & Company the motor coach aforesaid. This

mortgage contains the following covenant: "And the said mortgagor hereby covenants and agrees to and with said mortgagee, its successors and assigns, that he is the true and lawful owner of the above described property and has good right to sell, convey and encumber the same, and that the same is free from all encumbrances whatsoever." This mortgage was duly recorded in the office of the Clerk of the County Court of Jefferson County. The declaration then averred that at the date of the purchase of the motor coach aforesaid, the defendants, C. D. Beck & Company, a partnership composed of C. D. Beck, Kathryn M. Beck, J. C. Cummins, Taylor Cummins, Hal Peterson and Charley Peterson, made certain promises with respect to said motor coach, and its adaptability for use in the plaintiff's business; that the defendants did not regard their said promise and undertaking, and that the motor coach aforesaid was not suitable for the plaintiff's business, and was at that time in a defective mechanical operating condition, improperly built and assembled, and utterly failed to perform properly and to give plaintiff first-class and satisfactory service, by reason whereof the said motor coach became and was of no use or value to the plaintiff, requiring great expense in and about the repairs of same, the cost of which was $1,000.00; and further that he sustained loss of profits, by reason of the matters aforesaid, by which he suffered losses to the extent of $1,500.00, wherefore he demanded from the plaintiff damages in the sum of $2,500.00. On June 2, 1941, an order of publication was awarded in the clerk's office and duly published.

On April 15, 1941, the defendants "appearing specially and for no other purpose and for the purpose only of moving to quash the attachment issued herein, moved to quash the attachment issued herein upon the grounds that there is no suit pending between the parties hereto and that the plaintiff and the garnishee are one and the same person." On May 19, 1941, the court entered an order by which the attachment and suggestion issued in the action were quashed, but the motion to quash the attach-

ment levied on the motor coach was overruled on the ground that the return of the sheriff showed that he had attached certain personal property belonging to the defendants. This order was, in fact, not entered until October 20, 1941, but it is stated therein that it was a *nunc pro tunc* order, and that the same should be entered as of May 19, 1941. Apparently, the attachment and suggestion were' quashed by reason of the admitted fact that the R. L. Emery, Jr., named as plaintiff in the action, and also as garnishee, was one and the same person.

On August 2, 1941, C. M. Fogt appears in the case and filed his petition, in which it is alleged that on the 27th of June, 1940, he purchased from C. D. Beck & Company the unpaid purchase money notes due on the motor coach aforesaid, and that the notes unpaid were those which became due fourteen months from the date thereof and those following in point of due dates. The petitioner avers that he purchased said notes for a valid consideration, and that he was possessed of a lien upon the property in the possession of R. L. Emery, Jr., being the motor coach aforesaid, and by reason of that fact, having an interest in the property attached, appeared by virtue of Code, 38-7-41, and states his claim and lien upon the property covered by plaintiff's attachment. He asked that the attachment be quashed and for other relief. An issue was made up on this petition and tried before a jury. In the meantime certain depositions had been taken, which were read to the jury, over plaintiff's objection as to a part of them. At the completion of the evidence, Fogt moved for a directed verdict in his favor, which motion the court sustained. Thereupon Fogt moved to quash the attachment aforesaid, which motion the court sustained, and, on its own motion, made a further order dismissing the assumpsit action. The reasoning of the court for its action in quashing the attachment and dismissing the plaintiff's action, as stated in an opinion made a part of the record, was as follows:

"At a former term of the court a motion was made to quash the attachment issued in this case and executed by the sheriff by levying the same

upon a certain bus described in the return of the sheriff, and described by him as being the property of the defendant, C. D. Beck and Company. The Court overruled that motion; it being of the opinion that the mere fact that the property was in the possession of an attaching creditor did not make it any the less susceptible to attachment for the debts of C. D. Beck and Company. That was the case up to the present. Since that time, it appears upon the records of this court that the true facts are that this bus was sold by C. D. Beck and Company to Mr. R. L. Emery, Jr., and a mortgage was given upon it to secure certain notes evidencing the balance of the purchase money. From that day until this, Mr. Emery has been the owner of this property. And so the sheriff's return is shown to be false insofar as he stated in that return that the property was the property of C. D. Beck and Company. The Sheriff's return is not a verity any longer. It appears on the records of this court since this trial that these are the facts. They are inescapable. Therefore, the situation is very much different than it was when the motion was made by Beck and Company. At that time, there was no evidence before the court to show the true facts.

"I think that it is very plain that the attachment is void and of no effect. It was never executed by taking into possession, or by levying upon, any property of C. D. Beck and Company."

It will be observed that the trial court took the position that the attachment issued in the case was void and of no effect, and that it was never executed by taking into possession or "by levying upon any property of C. D. Beck and Company." This holding was based upon the ground that Beck & Company had no interest in the motor coach which could be made the subject of an attachment. The motor coach was sold by Beck & Company to plaintiff, and possession thereof delivered to him. At that time the plaintiff executed a chattel mortgage thereon in which he covenanted that he was the owner thereof. Beck & Company had nothing more than a lien upon the

property to secure the payment of the purchase money, and its interest in the property did not go beyond its rights as a lienholder until there was a foreclosure under the mortgage and, until that event, the title to the property remained in plaintiff. The plaintiff secured nothing by his attachment on the motor coach, because Beck & Company did not have such an interest therein as could be made the subject of an attachment. 2 Jones on Mortgages (7th Ed.) Section 701; *Neil* v. *Rogers Bros.,* 41 W. Va. 37, 23 S. E. 702. We think the court was correct in its holding.

However, this holding does not entirely dispose of the case. In addition to levying the attachment on the motor coach as the property of Beck & Company, plaintiff attempted to reach by suggestion and garnishment the indebtedness due from himself to Beck & Company at the date of the service of the attachment. The question arises whether a plaintiff in an action, who is indebted to a defendant in the same action, may garnishee himself. We are of the opinion that the garnishee should be considered a stakeholder, and that being such he is precluded from being a plaintiff. We decline to uphold a rule which would establish jurisdiction in the courts of this State against non-resident defendants by any such process. To do so would enable a plaintiff in this State, indebted to a non-resident, to try an issue between himself and such non-resident without having obtained any character of jurisdiction over the non-resident other than through a process served upon himself. Such a proceeding is repugnant to our idea of due process of law. An order of publication, such as was awarded herein, gives constructive notice, but that order was based on the garnishee process and is of no effect unless the process itself was legal and effective. Code, 38-7-15, does provide that the plaintiff in an attachment may, by an indorsement on an order of attachment, designate any person as being indebted to, or liable to, or having in his possession the effects of the defendant or one of the defendants. Whether, under such a statute, sweeping as it is, the same person may be both

plaintiff and garnishee, is a question which has not been decided by this Court, and is one upon which the authorities from other jurisdictions are in conflict. 4 Amer. Jur. 639. In *Gerber v. Ogle Coal Co.*, 195 Wis. 578, 218 N. W. 361, 57 A. L. R. 838, the court in interpreting the Indiana statute held that: "Defendant in pending action in state could not commence action against plaintiffs in Indiana and summons itself into court as garnishee * * *."

We think the holding quoted above fits the case before us, and that the same should be followed. Recognizing the conflict of authorities on the question, as well as the broad terms of our statute, we choose to adopt a rule which, in our opinion, will maintain the proper relation as between parties to litigation, and those who may be brought into litigation as supposedly disinterested parties. If parties to litigation may, through their own action, place themselves in a position where they are expected to stand as neutral, an unhealthy situation arises and one which tends to obstruct rather than promote justice. We think such a construction of our statute is inhibited by sound rules of public policy, and that its adoption would open the door to abuses which would vex courts and litigants in years to come. We are therefore of the opinion that the court's action in quashing the attachment and suggestion served on the plaintiff should be affirmed.

We can not agree with the contention made that the appearance of Beck & Company in the first instance was not a special appearance. The matter sought to be settled by the appearance that was made, was that of the jurisdiction of the court to entertain the pending action. The appearance was at the time stated to be for that purpose only, and no authority need be cited that to test that question a special appearance may be made. Much is said about the good faith of the assignment of the notes held by Beck & Company against the plaintiff, which assignment was made pending plaintiff's action. This assignment was made after maturity of all of the notes in question, and does not affect the right of the plaintiff in the present action to assert, as against the assignee, any claim

which he might have asserted against Beck & Company prior to the assignment. The assignment was regular on its face, and passed to Fogt whatever right or interest Beck & Company had in the notes, subject to any defense which plaintiff in the present action may have against the original payee of said notes. The case is one where the doctrine of recoupment would apply, because the claim set up in plaintiff's declaration is based on the very transaction in which the notes were executed. The present action was dismissed without prejudice to the rights of plaintiff in respect to his claim against Beck & Company. For this reason we do not think the assignment to Fogt was of special importance, and certainly not of sufficient importance to justify, on this writ, any inquiry as to the good faith of the transaction. We see no error in the action of the court in refusing to suppress the depositions read in the trial.

On the whole we are of the opinion that the judgment of the Circuit Court of Jefferson County should be affirmed.

*Affirmed.*